## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-170-M |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant Wal-Mart Stores, Inc. with a Motion for Summary Judgment [docket no. 22], filed January 2, 2008.  On February 12, 2008, plaintiff Brian Lewis filed his response, and on February 22, 2008, defendant filed its reply.  Based upon the parties' submissions, the Court makes its determination.

## I.    INTRODUCTION

This litigation arises from plaintiff's employment at a Wal-Mart store located in Enid, Oklahoma from 2003 until 2005.  Plaintiff began his employment as an electronics sales associate and later worked as an hourly associate in the photo center.  Beginning in March 2005, plaintiff alleges he suffered from panic attacks, anxiety and depression and required disability accommodation from defendant.  Although defendant granted plaintiff a one month leave of absence for his panic disorder, plaintiff alleges, among other things, that defendant effectively denied him disability accommodations and constructively discharged him in July 2005.

Plaintiff brings the instant claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 and the

Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, §§ 1101 *et seq.* and 1901.[1]

II.   SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

---

[1]The parties stipulate in the Final Pretrial Report that plaintiff is dismissing/withdrawing all of his claims under the Age Discrimination in Employment Act and the Oklahoma Anti-Discrimination Act.  As a result, the Court will only review the remaining claims brought pursuant to the ADA.

III.    DISCUSSION

Initially, plaintiff must establish he is disabled within the meaning of the ADA.  The ADA, in pertinent part, defines disability as:

> (A) a physical or mental impairment that *substantially limits* one or more of the major life activities of such individual;
>
> (B) a *record of* such an impairment; or
>
> (C) being *regarded as* having such an impairment.

42 U.S.C. § 12102(2) (emphasis added).

A.    Actual Disability

Subsection (A) of the ADA requires the Court to consider whether plaintiff is actually disabled.  Determination of actual disability has three elements:

> First, the plaintiff must have a recognized impairment; second, the plaintiff must identify one or more appropriate major life activities; and third, the plaintiff must show that the impairment substantially limits one or more of those activities.  The plaintiff must *articulate with precision* the impairment alleged and the major life activity affected by that impairment, and the court is to analyze only those activities identified by the plaintiff.

*Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1129 (10th Cir. 2003) (internal citations omitted) (emphasis added).  Both physical and mental disorders and conditions are recognized as impairments, but "[m]erely having an impairment does not make one disabled for purposes of the ADA".  *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002).  "It is insufficient for individuals attempting to prove disability status to merely submit evidence of a medical diagnosis of impairment.  Instead, the ADA requires those claiming the Act's protection ... to prove disability by offering evidence that the extent of the limitation caused by their impairment in terms of their own experience ... is substantial."  *Id*. at 198 (internal citations and quotations omitted).  "An

individualized assessment of the effect of an impairment is particularly necessary when the impairment is one whose symptoms vary widely from person to person." *Id*. at 199.

In this case, plaintiff contends that his anxiety disorder, panic attacks and depression are impairments which limit his major life activities of breathing, interacting with others, sleeping and working. However, "[e]vidence, not contentions, avoids summary judgment." *Al-Zubaidy v. TEK Indus., Inc.*, 406 F. 3d 1030, 1036 (8th Cir. 2005). Having reviewed the parties' submissions in the light most favorable to plaintiff, the Court finds the summary judgment record contains no evidence on which a jury could reasonably find that plaintiff has an actual disability within the meaning of the ADA. Plaintiff's evidentiary support included his own affidavit, a deposition of the photo department manager, and plaintiff's Equal Employment Opportunity Commission ("EEOC") Questionnaire. Plaintiff's conclusory allegations in these documents do not set forth specific facts to demonstrate a genuine issue for trial.

Furthermore, plaintiff's alleged impairments include anxiety disorder, panic attacks and depression, and are impairments which vary widely from person to person. The Court, in undertaking an individualized assessment of the effect of these alleged impairments, concludes that plaintiff merely set forth medical diagnoses without sufficiently demonstrating how these conditions *substantially impaired* major life activities.

In addition, plaintiff implies in his response that he is disabled because the aforementioned impairments make him unable to work in stressful situations or with particular co-workers. While there is no question that plaintiff had difficulty interacting with at least two co-workers in the photo department, there is no evidence tending to show he had problems interacting with people in general. Even if the Court assumes that plaintiff experienced anxiety, depression and stress as a result of

4

working with a particular co-worker or supervisor who may have caused these impairments, this alone does not demonstrate plaintiff is substantially limited in the major life activity of working. The evidence is undisputed that plaintiff had regular interactions with the store district manager and even dated another company associate.  Because plaintiff "failed to demonstrate that his impairments substantially impaired his ability to interact with people in general on a regular basis, the Court concludes that, even assuming interacting with others is a major life activity, plaintiff has not shown this activity was significantly limited for purposes of the ADA".  *Doebele,* 342 F.3d at 1132.

Accordingly, the Court grants defendant summary judgment as to plaintiff's actual disability claim.

B.    Record of Disability

Plaintiff alleges he meets the definition of disability under subsection (B) of the ADA. Specifically, plaintiff asserts he is deemed to have a record of disability due to his history of substantial limitation of a major life activity.   "To have a record of such an impairment, a plaintiff must have a history of, or been misclassified as having, an impairment that substantially limited a major life activity."  *Sorensen v. Univ. of Utah Hosp.*, 194 F.3d 1084, 1087 (10th Cir. 1999).  Upon examination of the summary judgment record, and in viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff wholly failed to identify any such facts tending to show such a history.   While plaintiff did receive a one month medical leave based on his purported disability, even if the Court were to view plaintiff's month long medical leave of absence as a record of disability, this allegation by itself does not a establish plaintiff had a substantial limitation of a major life activity.   Because mere conclusory allegations and statements are insufficient to survive a motion for summary judgment, the Court finds that defendant is entitled to

summary judgment as to plaintiff record of disability claim.

     C.     <u>Regarded as Disabled</u>

     "Under the ADA, the disability also includes being regarded as having an impairment that substantially limits one or more of the major life activities.  The Supreme Court has stated that a person is regarded as disabled within the meaning of the ADA if (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that the person's actual, non-limiting impairment substantially limits one or more major life activities."  *Id.* at 1088.

     Pursuant to subsection (C), plaintiff alleges that defendant regarded him as having an impairment that substantially limited the major life activities presumably of breathing, interacting with others, sleeping and working because he was accommodated with short breaks and a leave of absence and was treated as a person with a disability.  However, "when an employer takes steps to accommodate an employee's restrictions, it is not thereby conceding that the employee is disabled under the ADA or that it regards the employee as disabled.  A contrary rule would discourage the amicable resolution of numerous employment disputes and needlessly force parties into expensive and time-consuming litigation."  *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 798 (9th Cir. 2001).  *See also Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 938 (6th Cir. 2000).

     The Court finds that plaintiff has come forward with no evidence to show that he fits within this definition of disabled, other than to suggest that because defendant made accommodations for his medical status, it viewed him as disabled.  Specifically, the Court finds that mere accommodation, by itself, does not establish that defendant regarded plaintiff as disabled.  Because plaintiff failed to demonstrate a genuine issue of material fact, defendant is entitled to summary

judgment as to plaintiff's regarded as disabled claim.

        D.      Failure to Reasonably Accommodate Disability

        To establish a *prima facie* case of failure-to-accommodate disability discrimination, plaintiff must establish: 1) he was disabled within the meaning of the statutory definition; 2) he was qualified to perform the essential functions of the job - either with or without reasonable accommodation; 3) that he was discriminated against because of his disability. *Aldrich v. Boeing Co.*, 146 F.3d 1265, 1269 (10th Cir. 1998). As set forth above, plaintiff cannot establish the first element of a *prima facie* case of failure-to-accommodate disability - that he is disabled within the meaning of the statutory definition. The Court, therefore, finds that defendant is entitled to summary judgment as to plaintiff's failure to reasonably accommodate disability claim.

        E.      Demotion and Constructive Discharge Claims

        "Exhaustion of administrative remedies under the ADA is a jurisdictional prerequisite to [an employment discrimination] suit in the Tenth Circuit." *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002). An individual wishing to file a Title VII claim must timely file an administrative charge before the Equal Employment Opportunity Commission ("EEOC") within either 180 or 300 days depending on the state. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S. Ct. 2162, 2166-67 (2007). In this case, plaintiff submitted an EEOC questionnaire dated February 23, 2006, and, accordingly, the alleged demotion would have to take place within 300 days prior to this date. Defendant asserts the alleged demotion occurred in late December 2004 or early January 2005; plaintiff failed to address this issue in his response. Even if the alleged demotion occurred in early January 2005, the EEOC Questionnaire is dated more than one year past the purported discriminatory act. Therefore, the Court finds there is no issue of material fact as to plaintiff's

failure to timely file a demotion charge, and defendant is granted summary judgment as to plaintiff's demotion claim.

To establish a *prima facie* case of disability discrimination under the ADA, plaintiff must establish: 1) he was disabled within the meaning of the statutory definition; 2) he was qualified to perform the essential functions of the job - either with or without reasonable accommodation; 3) an accommodation was possible; 4) he suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises. *Aucutt*, 85 F.3d at 1318; *White*, 874 F.Supp. at 343. As set forth above, plaintiff cannot establish the first element of a *prima facie* case of disability discrimination - that he is disabled within the meaning of the statutory definition. The Court, therefore, finds that defendant is entitled to summary judgment as to the constructive discharge claim.

F.      Hostile Work Environment Claim

To establish a *prima facie* case of hostile work environment under the ADA, plaintiff must establish: 1) membership in a protected group; 2) unwelcome harassment; 3) harassment based on his disability; 4) harassment affected a term, condition, or privilege of employment; and 5) defendant knew or should have known of the harassment and failed to take proper remedial action. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005); *Lanman v. Johnson County*, 393 F.3d 1151, 1155 (10th Cir. 2004). As set forth above, plaintiff cannot establish the first element of a *prima facie* case of hostile work environment - membership in a protected group. The Court, therefore, finds that defendant is entitled to summary judgment as to plaintiff's hostile work environment claim.

G.      Retaliation Claim

To establish a *prima facie* case of retaliation, plaintiff must establish: 1) protected employee action; 2) adverse action by an employer either after or contemporaneous with the employee's protected action; and 3) a causal connection between the employee's action and the employer's adverse action. *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997). To demonstrate the requisite causal connection, plaintiff must proffer "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action". *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1982). "In our view, a plaintiff must show that a reasonable employee would have found the challenged action *materially adverse*, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53; 126 S.Ct. 2405, 2415 (2006) (emphasis added). To satisfy the materially adverse inquiry, plaintiff must separate significant from trivial harms, and it is foreseeable that "an act that would be immaterial in some situations is material in others" under a court's individualized approach. *Id*. at 2415-16.

In his response, plaintiff alleges he engaged in the protected activities of requesting alternative work hours, short breaks, medical leave and time to write in his journal during work hours. Plaintiff states defendant took the following adverse actions: the denial of different working hours, the issue of written and verbal reprimands and the making of public statements concerning his condition. Plaintiff contends these actions are sufficient to show pretextual reasons why defendant retaliated against him for engaging in protected activities.

Having carefully reviewed the parties' submissions, the Court finds defendants actions were not materially adverse to plaintiff given the totality of circumstances. Specifically, defendant's

alleged denial of plaintiff's requested working hours does not demonstrate a materially adverse change in the terms or conditions of his employment, but rather demonstrates continuity in the terms or conditions of plaintiff's employment.  Nor does the Court find the purported written or verbal reprimands materially adverse to plaintiff in this circumstance.  The Court finds that these acts do not interfere with the purpose of the anti-retaliation provision – "to prevent employer interference with unfettered access to ... remedial mechanisms".  *Id*. at 2415.  The Court further finds that public statements concerning defendant's condition do not rise to the requisite level of material adversity for plaintiff to support this claim.  *See id.* (indicating petty slights, minor annoyances, simple lack of good manners and personality conflicts at work under normal circumstances are not actionable under anti-retaliation provisions).  Accordingly, the Court finds no genuine issue of material fact exists as to plaintiff's retaliation claim and, therefore, grants defendant summary judgment.

IV.   CONCLUSION

The Court, for the reasons set forth above, GRANTS defendant's Motion for Summary Judgment [docket no. 22].  This order effectively terminates this action in this Court.

**IT IS SO ORDERED this 4th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE